Singh v. Garland

BIA
Wilson, IJ
A205 422 484

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of June, two thousand twenty-two.

PRESENT:
        JOHN M. WALKER, JR.,
        RAYMOND J. LOHIER, JR.,
        STEVEN J. MENASHI,
            *Circuit Judges.*

_____

GURJOT SINGH,
        *Petitioner*,

        v.                                          20-1065
                                                    NAC
MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:          Deepak Ahluwalia, Esq., Singh
                         Ahluwalia Immigration Law Firm,
                         Fresno, CA.

FOR RESPONDENT:          Jeffrey Bossert Clark, Acting
                         Assistant Attorney General; Paul

Fiorino, Senior Litigation Counsel; Kevin J. Conway, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Gurjot Singh, a native and citizen of India, seeks review of a February 24, 2020 decision of the BIA affirming an April 30, 2018 decision of an Immigration Judge ("IJ") denying Singh's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Gurjot Singh*, No. A205 422 484 (B.I.A. Feb. 24, 2020), *aff'g* No. A205 422 484 (Immig. Ct. N.Y. City Apr. 30, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have reviewed the IJ's decision as modified by the BIA — that is, except for the IJ's findings that the BIA did not reach. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B) ("[T]he administrative findings of

fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary[.]"). "[W]e review the agency's decision for substantial evidence and must defer to the factfinder's findings based on such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Singh v. Garland*, 11 F.4th 106, 113 (2d Cir. 2021) (internal quotation marks omitted).

Although the IJ's credibility determination should have been more explicit, contrary to Singh's contention, the BIA did not err in concluding that the IJ explicitly found Singh not credible. The IJ identified record inconsistencies and omissions and concluded that those issues and the lack of corroboration undermined his credibility regarding material parts of his claim.

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant . . ., the inherent plausibility of the applicant's . . . account, the consistency between the applicant's . . . written and oral statements . . ., the internal consistency of each such statement, the consistency of such statements with other evidence of record . . ., and

3

any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018).

Substantial evidence supports the agency's determination that Singh was not credible as to his claim that he suffered past persecution and fears future persecution and torture on account of his work for the Akali Dal Amritsar Party ("Mann Party") and his father's membership in that party. The agency reasonably relied on inconsistencies between Singh's testimony that he was a party worker but not a party member and a letter from the District President of the Mann Party stating that Singh became a member in 2012. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Singh's explanations for this inconsistency only created further inconsistencies, as Singh undermined his own evidence by stating that there are no

4

district presidents in the party and that he had not obtained or submitted a letter from the party. *See id.; see also Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

In making its adverse credibility determination, the agency also reasonably relied on omissions of material information from Singh's father's affidavits. Singh asserted that, after he left India, his father was beaten several times and had informed Singh that Congress Party members and police continue to look for Singh. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Hong Fei Gao*, 891 F.3d at 78–79. Although "omissions are less probative of credibility than inconsistencies created by direct contradictions in evidence and testimony," the agency may rely on the omission of facts that "the witness would reasonably have been expected to disclose." *Hong Fei Gao*, 891 F.3d 78–79 (internal quotation marks omitted). Because Singh's father stated that Singh's life remains in danger in India, the agency reasonably

5

expected that he would have included threats against Singh and continued violence against himself. *See id.* The Government asked Singh why his father's affidavit failed to mention the continued threats and beatings, but Singh just repeated that his father was beaten rather than provide an explanation. *See Majidi*, 430 F.3d at 80.

The agency reasonably relied further on his failure to rehabilitate his testimony or independently establish his eligibility with reliable corroborating evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(ii) ("Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence."); *Zou v. Garland*, No. 19-2003, 2021 WL 4097775, at *1 (2d Cir. Sept. 9, 2021) ("Even absent an adverse credibility determination, a lack of corroboration may be an independent basis for the denial of relief if the agency identifies reasonably available evidence that should have been presented."). Singh does not challenge that finding.

Given the inconsistencies, omissions, and lack of corroboration, the agency's adverse credibility determination

6

is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."). That determination was dispositive of asylum, withholding of removal, and CAT relief because all three claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7